No.24-CV-00182-LM-AJ.

## U.S. District Court District of New Hampshire

## 55 Pleasant St #110, Concord, NH 03301

### Naseef Bryan jr,

### V

### John J. McCormack, et al.

[1]**Jurisdiction: Common Law**

**MOTION FOR SUMMARY JUDGEMENT**[2]

I Naseef Fernando Bryan, Affiant, being of lawful age, qualified and competent to testify to and having firsthand knowledge of the following facts to hereby swear that the following facts are true, correct and not misleading:

### ADVERSE REASONS

The court must examine preliminary review to sustain justice not injustice, in other words It is the duty of the courts of equity to adapt their practice and course of proceeding, as far as possible, to the existing state of society, and to apply their jurisdiction to all those new cases which, from the progress daily making in the affairs of men, must continually arise, and not from too strict an adherence to forms and rules established under very different circumstances, decline to administer justice, and to enforce rights for which there is no other remedy.[3] The adequate remedy at law, which is the test of equitable jurisdiction of the courts of the United States, is that which existed when the Judiciary Act of 1789 was adopted, unless

---

[1] Federal Judiciary Act (1789); U.S. Const. Amend. VII; Article III §2 (Judicial Power); (Mandatory Provisions) Crawford v. Gilchrist, 64 Fla. 41.

[2] 28 U.S. Code § 636—Magistrate Judges are Prohibited from ruling on Summary Judgements; Also See (Statute Are Mandatory) Norton v. Board of Comm'rs, 129 U.S. 479.

[3] (R.C.L.) Columbian Athletic Club v. State, 143 Ind. 98; Morgan v. McDonough, 540 F.2d 527; Steindler v. Virginia Public Service Co., 163 Va. 462.

subsequently changed by Congress.[4]

---

[4] (Judiciary Act of 1789 Remedy) McConihay v. Wright_ 121 U.S. 201.

## Objection to Defendants motion to dismiss

A complaint should not be dismissed for failure to state a claim unless it appears "beyond" doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[5] Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.[6] The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.[7] Injury in fact is the first and foremost of standing's three elements. Injury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III of the Constitution's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing. To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. Context of standing, for an injury to be "particularized," it must affect the plaintiff in a personal and individual way. Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be concrete.[8] Courts will not, as a general rule, decline jurisdiction of a suit based upon a valid cause of action because of the motive or ulterior purpose of the plaintiff in bringing it.[9]

---

[5] Conley v. Gibson, 355 U.S. 41.

[6] Bell Atl. Corp. v. Twombly, 550 U.S. 544.

[7] Allen v. Wright, 468 U.S. 737.

[8] Spokeo, Inc. v. Robins, 578 U.S. 330.

[9] Johnson v. King-Richardson Co., 36 F.2d 675, 676 (1st Cir. 1930).

## Languid In Defendants Procedural History Statement

The points made by defendants are true allegations, but short of factual explanation, since due process of law basic requirement, is an opportunity to be heard.[10] All cases cited by defendants are cases lacking due process of law, also exhibiting invasion of the Right to due process of law.[11] Many authorities define a cause of action as being the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief.[12] In regard to defendants allegation of dissatisfaction, I propose these points (1) Judiciary Act of 1789 bestowed constitutional jurisdiction on lower courts,[13] in other words courts of the United States.[14] (2) There is not, and cannot be, any such thing as an American state outside the Federal Union. (3) Where there is a legal right, there is also a legal remedy by suit or action at law,[15] whenever that right is invaded.[16] (4) The Constitutional system of Government is one of laws and not of men.[17]

---

[10] The hearing, moreover, must be a real one, not a sham or a pretense. Malloy v. Hogan, 378 U.S. 1, 23, 84 S. Ct. 1489, 1502 (1964); (Due Process) Trs. of Dartmouth College v. Woodward_ 17 U.S. 518.

[11] 28 U.S. Code § 636 (1) (a)—prohibiting involuntary dismissal.

[12] Every wrongful act or omission resulting in damages recoverable in any form of action at common law, unless changed by statute, still constitutes a cause of action, and damages therefor are recoverable in a "civil action." CULLEN v. DICKINSON, 33 S.D. 27; Burlington Transp. Co. v. Josephson, 153 F.2d 372.

[13] (Concurrent Jurisdiction) Cohens v. Virginia_ 19 U.S. 264; (Concurrent Jurisdiction) Justices v. Murray, 76 U.S. 274; (competent to administer justice) Raisler v. Oliver_ 97 Ala. 710.

[14] There is not, and cannot be, any such thing as an American state outside the Federal Union. 49 Am. Jur. States, Territories, and Dependencies, §8;HOW v. KANE, 2 Wis. 531.

[15] A too-rigorous or demanding insistence that procedural requirements be established in all of their detail before they can be given effect in federal court would deprive the States of the case law decisional dynamic that the Judiciary of the United States finds necessary and appropriate for the elaboration of its own procedural rules. Beard v. Kindler, 558 U.S. 53, 65, 130 S. Ct. 612, 620 (2009).

[16] Marbury v. Madison, 5 U.S. (1 Cranch) 137, 153 (1803).

[17] **Jones v. SEC, 298 U.S. 1.**

## Levity within Defendants Lack Of Subject Matter Jurisdiction Claim

The derivative jurisdictional claim is immaterial to the enforcement of Rights afford by law or the Constitution.[18] Fact being the superior courts within the State of New Hampshire are courts of general jurisdiction,[19] Personal jurisdiction in such a circumstance attaches where no party to the cause, is diverse in effect.[20] It is not necessary that a court have jurisdiction of every class of cases to be possessed of common law jurisdiction,[21] but a court, though limited as to the class of cases of which it may take cognizance,[22] has common law jurisdiction if it has the power to proceed within the limited class according to the course of the common law.[23] The character of a case is determined by the questions involved. If from the questions it appears that some title, right, privilege, or immunity, on which the recovery depends, will be defeated by one construction of the Constitution or a law of the United States, or sustained by the opposite construction, the case will be one

---

[18] It is the constitutional duty of the courts to be vigilant to detect and turn aside any attempt to substitute the mere will of an official or an official body for an allowable official discretion or a standing law as a rule of human conduct, and to resist even petty encroachments upon the fundamental rights, privileges, and immunities of the people. Jones v. SEC, 298 U.S. 1, 9, 56 S. Ct. 654, 655 (1936); The state courts may deal with that as they think proper in local matters but they cannot treat it as defeating a plain assertion of federal right. Davis v. Wechsler, 263 U.S. 22, 23, 44 S. Ct. 13, 13 (1923).

[19] Where a court has general jurisdiction of the subject-matter of an action, it is not necessary to allege in the petition the facts showing the jurisdiction of the court. Bohart v. Republic Inv. Co., 49 Kan. 94, (1892); Richardson v. Woodlawn Town Co., 5 Kan. App. 626; Also See RSA 491:3; RSA 491:7. (Common Law); U.S. Const. Article III §2 (law and equity) Also see federal judiciary act 1789 (concurrent jurisdiction).

[20] (RULE OF Subject Matter Jurisdiction) Starin v. New York, 115 U.S. 248; (Subject Matter Jurisdiction) Swafford v. Templeton, 185 U.S. 487.

[21] the court has discovered no precedent decision directly in point. That there is no precedent is of little importance. Hill v. Chesapeake & Potomac Tel. Co., 42 App. D.C. 170, 172, 1914 U.S. App. LEXIS 2249, *3 (D.C. Cir. Ct. of App. April 6, 1914); ABA Model Rules of Professional Conduct Rule 3.3: Candor Toward the Tribunal (b).

[22] (Probate Jurisdiction) Dodd v. Dodd, 350 Ga. App. 189.

[23] Where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded. Marbury v. Madison, 5 U.S. (1 Cranch) 137, 153 (1803).

arising under the Constitution or laws of the United States.[24] Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indicates the objective of the rules to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim.[25] Defendants position that Bryans' claims fail as a matter of law is wrong,[26] nor the statement that Bryan is *"shorn of abstract statements of law opposite to facts and conclusory allegations,"* reason being courts do not pass upon abstract questions,[27] to say deprivation of rights which led to clear injuries are "untethered" to facts and is abstract, is to deprive one of a constitutional right to due process of law.[28] The recovery of damages which one sustains as the result of the wrongful act of another is not affected by the fact that the particular act is punishable under the criminal law, it is a sound principle that where one wrongfully or negligently does an act which in its consequences is injurious to another, he is liable for damages caused by such wrongful act.[29] Defendants "cursorily" claim lacks justification, since the intellect of the 4th Amendment is within the proposition of Bryans claim

---

[24] Starin v. New York, 115 U.S. 248.

[25] Ostrzenski v. Seigel, 177 F.3d 245; 2 Moore's Federal Practice - Civil § 8.02.

[26] a complaint which fails to state a claim is not automatically "frivolous."

Fredyma v. AT&T Network Sys., Inc., 935 F.2d 368, 368 (1st Cir. 1991); (RULE OF Subject Matter Jurisdiction) Starin v. New York, 115 U.S. 248; . Marbury v. Madison, 5 U.S. (1 Cranch) 137, 153 (1803).

[27] The judicial power does not extend to the determination of abstract questions. Ashwander v. TVA, 297 U.S. 288, 315, 56 S. Ct. 466, 468 (1936).

[28] See page 2 paragraph 3 of Bryans Complaint; Amendment XIV—No State shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[29] Where the right of a party is once violated, an injury immediately ensues, and a cause of action arises and a recovery will then embrace such legal damages as may be recovered for the wrong. Sloan v. Hart, 150 N.C. 269; Brockenbrough v. Champion Fibre Co., 176 F. 843; Also See Exhibits filed within the cause.

for violation, reason being seizure in its ordinary definition is *the act of taking possession by force,*[30] seizure within this circumstance was the removal by force, of the protected right under the 4th Amendment "effects," protection. Regards to the question of authority in 28 U.S.C. §1442, I refer defendants to the Rules.[31]

Defendants perspective in *Meredith v. Van Oosterhout* and *Flood v. Harrington* is not in harmony with the position asserted by defendants. In *Meredith* the complainant had an opportunity to be heard, in such a circumstance reversible error are preserved, also trial by jury under the 7th Amendment, in order to rectify all unconstitutional conduct. Bryans' position is that no opportunity to be heard was granted, evince violation of procedural due process.[32] In *Flood* the cause was Malicious Prosecution, which limited the scope of judicial remedy, for reasons of "Fact" such decision left the question of damages in such a circumstance since it is a rule that where one wrongfully or negligently does an act which in its consequences is injurious to another, he is liable for damages caused by such wrongful act.[33] In the context of immunity, immunity is afforded to Public officers that commences or fulfill their duty of office.[34] Where the fact proves no such duty

---

[30] American Dictionary of the English Language 1828; See (Ordinary Meaning Of Words) United States v. Sprague, 282 U.S. 716.

[31] Mason's Manual of Legislative Procedure 1953 Edition §3 P. 32-33.

[32] (The hearing must be a real one, not a sham or a pretense) Malloy v. Hogan, 378 U.S. 1; (Entitled to an opportunity to offer Proof) Haines v. Kerner_ 404 U.S. 519; (Full Hearing Due Process Right) Jones v. Buffalo Creek Coal & Coke Co., 245 U.S. 328; (Hearing Before Judgment) Pittsburgh_ C._ C. _ S. L. R. Co. v. Backus_ 154 U.S. 421.

[33] Where the right of a party is once violated, an injury immediately ensues, and a cause of action arises and a recovery will then embrace such legal damages as may be recovered for the wrong. Sloan v. Hart, 150 N.C. 269; Brockenbrough v. Champion Fibre Co., 176 F. 843.

[34] Official action is judicial where it is the result of judgment or discretion. When the officer has the authority to hear and determine the rights of persons or property, or the propriety of doing an act, he is vested with judicial power. An officer will be regarded as being clothed with judicial or quasi-judicial functions, when the powers confided to him are so far discretionary that he can exercise or withhold them according to his own judgment as to what is necessary and proper.
In re McGarry, 380 Ill. 359, 360, 44 N.E.2d 7, 8 (1942); Bush v. Babb, 23 Ill. App. 2d 285.

was commenced or fulfilled, all officers are liable for any failure of—Duty as to Diligence and Care, Duty where Personal Interest is Involved, Duty To Obey the Law, Duty of Good Faith, Acts under Color of Authority, Nonfeasance, and Negligence.

Another factual affirmation is Article (6) of the United States Constitution commands in part that *"This Constitution, and the laws of the United States which shall be made in pursuance thereof; shall be the supreme Law of the Land."* The federal Judiciary Act of 1789 is such a law pursuant of this command and within the Judiciary Act are provisions of command which states, *"And no civil suit shall be brought before either of said courts against an <u>inhabitant</u> of the United States, by any original process in any other district than that whereof he is an <u>inhabitant</u>, or in which he shall be found at the time of serving the writ."* The supreme law declare safeguards for persons within the United States for redress of any Amiss committed under the Jurisdiction thereof. Nor can any person be immune from a binding law upon all, under the Jurisdiction thereof.[35]

In Justice Story's Commentaries on the Constitution of the United States §294, he explained that "In making amendments, it was also of a compound or (uniting) character, requiring, the concurrence of more than a majority, and less than the whole of the states. So, that on the whole their conclusion was, that "the constitution is, in strictness, neither a national nor a federal constitution, but a composition or (uniting) of both. In its foundation it is federal, not national; in the sources or (origin), from which the ordinary powers of the government are drawn, it is partly federal and partly national; in the operation of these powers it is

---

[35] Papasan v. Allain, 478 U.S. 265— it was held that: **U.S. Const. amend. XI (11) bars suits against a state by citizens of that same state. In the absence of consent a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by U.S. Const. amend. XI. This bar exists whether the relief sought is legal or equitable. But see the dissenting opinions likewise Bryans' position.**

national, not federal; in the extent or (boundary) of them again it is federal, not national; and, finally, in the authoritative mode of introducing amendments it is neither wholly federal, nor wholly national. Explaining the States are not individual but Federal in feature. The federal judiciary Act also confer such powers on State courts which should always be federal in feature as Article III §2, powers were more detailed within the Federal Judiciary Act of 1789. Federal Rules Of Civil Procedure provides one form of Action which shall be a Civil Action, to allege such immunity from Civil process would place inhabitants out of the protection of the law,[36] or resources that affords such protection.[37] Within the form of actions are actions against public officers in there official capacity, to sue or be sued.[38] If Officers are immune, such a provision would be ineffective. The fact being unlike civil lawsuits where the victim is able to directly file charges against the person who committed the wrongful act, criminal lawsuits can only be filed by the prosecutor's office or Government. Liberty safeguard from the constitutions are for natural persons. To suggest that another, (person) in a constitutional sense, is immune to a legal remedy afforded by law,[39] is clear abuse of power or authority against the natural person.[40]

---

[36] So far as plaintiff's capacity to sue therein is concerned, a Federal district court is not to be distinguished from the courts of the state in which it sits. (Moore v. Mitchell, 281 U.S. 18, 22, 50 S. Ct. 175, 175 (1930).

[37] 1 Am. Jur. Actions, §28—A direct invasion of a legal right imports damage. In other words, whenever there is a breach of a contract or a wrongful invasion of a clear legal right, the infers or presumes damage sufficient to support an action.

[38] Rule 17. Plaintiff and Defendant; Capacity; Public Officers

[39] Federal Judiciary Act (1789).

[40] Preamble to the Bill of Rights—The Conventions of a number of the States, having at the time of their adopting the Constitution, expressed a desire, in order to prevent misconstruction or abuse of its powers, that further declaratory and restrictive clauses should be added: And as extending the ground of public confidence in the Government, will best ensure the beneficent ends of its institution.

## POINTS RESERVED

I. The constitutional form of government as it exists in the United States is based on the fundamental conception of a supreme law, expressed in written form, in accordance with which all individual rights must be determined and all public authority administered.[41] While statements of principles contained in the Declaration of Independence do not have the force of organic law and therefore cannot be made the basis of judicial decision as to the limits of rights and duties, yet it has been said that it is always safe to read the letter of the Constitution in the spirit or intellect of the Declaration in determining constitutional questions.[42]

II. A state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the due process or equal protection clause of the Fourteenth Amendment, U.S. Const. amend. XIV.[43]

---

[41] A Constitution is the form of government, delineated by the mighty hand of the people, in which certain first principles of fundamental laws are established. The Constitution is certain and fixed; it contains the permanent will of the people, and is the supreme law of the land; it is paramount to the power of the Legislature, and can be revoked or altered only by the authority that made it.
Vanhorne's Lessee v. Dorrance, 2 U.S. 304, 304, 1 L. Ed. 391, 391, 1795 U.S. LEXIS 351, *1, 28 F. Cas. 1012, 2 Dall. 304 (Cir. Ct. Dist. Pa. April 1, 1795).

[42] The first official action of this nation declared the foundation of government in these words: "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable rights, that among these are life, liberty and the pursuit of happiness." While such declaration of principles may not have the force of organic law, or be made the basis of judicial decision as to the limits of right and duty, and while in all cases reference must be had to the organic law of the nation for such limits, yet the latter is but the body and the letter of which the former is the thought and the spirit, and it is always safe to read the letter of the Constitution in the spirit of the Declaration of Independence Gulf, C. & S. F. R. Co. v. Ellis, 165 U.S. 150, 159-60, 17 S. Ct. 255, 258-59 (1897).

[43] SCHWARE v. Bd. OF BAR Exam'rs OF N.M., 353 U.S. 232; (Pro se pleadings must be construed liberally) Green v. McKaskle_ 788 F.2d 1116; (Right of every citizen to follow any lawful Calling) Dent v. West Virginia_ 129 U.S. 114; (Unenumerated Rights) Cummings v. Mo._ 71 U.S. 277.

III.    It is a principle of the common law that wherever the law gives a right or prohibits an injury, it also gives a remedy.[44]

IV.    The power vested in congress to create inferior courts is not one which is discretionary to the extent that it may or may not establish such courts at its pleasure. It is rather in the nature of a duty to vest the whole judicial power. Any other construction would involve this strange contradiction.[45]

V.    There is no doctrine of the law settled more firmly than the rule which authorizes issues of fact in civil cases to be determined in accordance with the preponderance or weight of the evidence.[46]

VI.    Circumstantial evidence is regarded by law as competent to prove any given fact in issue in a civil case and is sometimes as powerful and irresistible as direct and positive testimony.[47]

VII.    The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause.[48]

---

[44] Marbury v. Madison, 5 U.S. (1 Cranch) 137, 153 (1803).

[45] 54 Am. Jur. United States, §57.

[46] The plaintiff in an action for negligence is not required to prove his case beyond all reasonable doubt. Brown v. W. Riverside Coal Co., 143 Iowa 662, 664, 120 N.W. 732, 733 (1909); (N.Y. Life Ins. Co. v. Gamer, 303 U.S. 161, 165, 58 S. Ct. 500, 500 (1938).

[47] The exclusion of relevant evidence upon the ground that it would create unfair prejudice is permitted only when the evidence is merely circumstantial. The rule has no application to direct evidence of facts constituting a cause of action or affording ground of defense. If a fact is a material part of the case, the exclusionary rule of unfair prejudice cannot be invoked to exclude it. In such a situation no question of the law of evidence is involved. (Bunten v. Davis, 82 N.H. 304, 306, 133 A. 16, 18 (1926).

[48] Have the plaintiffs lost their franchises by "due course and process of law?" On the contrary, are not these acts "particular acts of the legislature, which have no relation to the community in general, and which are rather sentences than laws?" By the law of the land is most clearly intended the general law; a law, which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial. The meaning is, that every citizen shall hold his life, liberty, property, and immunities, under the protection of the general rules which govern society. (Trs. of Dartmouth Coll. v. Woodward, 17 U.S. (4 Wheat.) 518, 624; (The hearing must be a real one, not a sham or a pretense) Malloy v. Hogan, 378 U.S. 1.

VIII. The rules from the different sources take precedence in the order listed above except that judicial decisions, since they are interpretations of rules from one of the other sources, take the same precedence as the source interpreted.[49]

IX. A Statutory provision is generally regarded as mandatory, where the power or duty to which it relates is for the public benefit, good, interest, or protection, for the security of public rights, or for the advancement of public justice.[50]

X. Due process of law protects against arbitrary action.[51] Arbitrary action by the tribunal in the hearing of a cause or in its order violates due process.[52] The principle of due process of law in this country is intended to secure the citizen against any arbitrary deprivation of his rights, whether relating to his life, his liberty, or his property. The primary purpose of the guaranty is the security of the individual from the arbitrary exercise of the powers of government, unrestrained by the established principle of individual rights and distributive justice.[53]

---

[49] Mason's Manual of Legislative Procedure 1953 Edition §3 P. 32-33.

[50] (Mandatory RULE ON WORDS) Ballou v. Kemp_ 92 F.2d 556.

[51] Washington ex rel. Oregon R. & N. Co. v. Fairchild, 224 U.S. 510;

[52] Bryan v. Foley_ 2025 U.S. Dist. LEXIS 46893; Bryan v. NH Dep't of Educ., 2025 U.S. Dist. LEXIS 22130; Bryan v. Masker_ 2024 U.S. Dist. LEXIS 238415.

[53] That a jury composed, as at common law, of twelve jurors is intended by U.S. Const. amend. XI, there can be no doubt. And as the right of trial by jury in certain suits at common law is preserved by U.S. Const. amend. VII, such a trial implies that there shall be an unanimous verdict of twelve jurors in all federal courts where a jury trial is held. Maxwell v. Dow, 176 U.S. 581, 582, 20 S. Ct. 448, 449 (1900); See Page 9 Justice Story's Commentaries on the Constitution.

XI.    The general constitutional guaranties are simply a protection to the fundamental or inherent rights which are common to all citizen.[54] Such constitutional provisions are a guaranty of rights, and not a limitation of them.[55]

XII.    A court is presumed to know its own officers, past as well as present.[56] It must judicially know who they are, recognize their official acts, signatures, and powers and must know of a vacancy where one exists.[57]

XIII.    Whether a man has changed his domicil from one place to another must depend upon his intention, for he cannot change his domicil by removal to a new dwelling place without an intention to abandon his former domicil and make his home in the new locality. The intention is as essential as the fact of physical presence.[58]

XIV.    The Civil law has been considered, perhaps not without justice, the best system of written reason.[59]

XV.    A constitution is, in fact, and must be regarded by the judges, as a fundamental law. It therefore belongs to them to ascertain its meaning, as well as the meaning of any particular act proceeding from the legislative body. If there should happen to be an irreconcilable variance between the two, that which has the superior obligation and validity ought, of course, to

---

[54] (Fundamental Freedoms) State v. Loomis, 115 Mo. 307; Gulf, C. & S. F. R. Co. v. Ellis, 165 U.S. 150.

[55] Rosa v. Portland, 86 Or. 438, 440, 168 P. 936, 937 (1917);   San Antonio v. Fetzer, 241 S.W. 1034, 1922 Tex. App. LEXIS 948.

[56] (Judicial Officers) State ex rel. Palmer v. Atkinson_ 116 Fla. 366.

[57] Bryan v. Foley_ 2025 U.S. Dist. LEXIS 46893; Bryan v. NH Dep't of Educ., 2025 U.S. Dist. LEXIS 22130; Bryan v. Masker_ 2024 U.S. Dist. LEXIS 238415.

[58] Penn Mut. Life Ins. Co. v. Fields, 81 F. Supp. 54 (R.C.L); Mitchell v. United States_ 88 U.S. 350.

[59] Bouvier, john, cited in Bouvier's Law Dictionary and Concise Encyclopedia, 3rd ed., I, p. viii.

be preferred; or, in other words, the Constitution ought to be preferred to the statute, the intention of the people to the intention of their agents. Nor does this conclusion by any means suppose a superiority of the judicial to the legislative power. It only supposes that the power of the people is superior to both; and that where the will of the legislature, declared in its statutes, stands in opposition to that of the people, declared in the Constitution, the judges ought to be governed by the latter rather than the former. They ought to regulate their decisions by the fundamental laws, rather than by those which are not fundamental. This exercise of judicial discretion, in determining between two contradictory laws, is exemplified in a familiar instance.[60]

---

[60] Federalist No. 78.

## CONCLUSION

The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection. The government of the United States has been strongly termed a government of laws, and not of men. It will certainly cease to deserve this high character, if the laws furnish no remedy for the violation of a vested legal right. If this reproach is to be cast on the jurisprudence of our country, it must arise from the peculiar character of the case.[61] The law undertakes to give security to the rights of individuals by putting within their reach suitable redress whenever their rights have been actually violated.[62] The right to defend one's own person, the right to defend anyone standing in relation to husband and wife, parent and child, or master and servant, and the right to defend one's property, are rights given, not for the redress of injuries, but for their prevention. The right is limited strictly to necessity, and the redress for any injury actually sustained must be sought by suit.[63] Respect for the printed word is an essential ingredient of the impartial and effective delivery of justice. To understand fully the meaning of those words, we must have some knowledge of the context from which the meanings and usage arise, what was meant by the writer and understood by the reader.[64]

---

[61] Marbury v. Madison, 5 U.S. (1 Cranch) 137, 153 (1803).

[62] COOLEY ON TORTS CIVIL INJURIES, Remedies in General.§32.

[63] COOLEY ON TORTS CIVIL INJURIES, Defense of Person or Property.§35.

[64] Burger, Warren E., Chairman, Commission on the Bicentennial of the United States Constitution, Chief Justice of the United States, 1969-1986.

Relief Sought

Federal Rules of Civil Procedure Rule 54. Judgment[65]

Federal Rules of Civil Procedure Rule 56. Summary Judgment[66]

/s/ Naseef Bryan

Signature

Date: 5/30/2025

---

[65] 28 U.S. Code § 2412 (a) (1); Costs in Civil Cases, 30 F. Cas. 1058.
[66] (Entitled to Relief in Respect to the Matter Concerning) Johnson v. King-Richardson Co._ 36 F.2d 675; Madeirense Do Brasil S/A v. Stulman-Emrick Lumber Co., 147 F.2d 399.